Gary A. LADY and Elizabeth Lady,
Plaintiffs–Appellants,

v.

Kenneth D. KREGGER and Kimberly
G. Spurling and Transamerica
Insurance Group, Defendants–Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 13, 1987.

Application for Permission to Appeal
Denied by Supreme Court
March 7, 1988.

Gary L. Adkins, Knoxville, for plaintiffs-appellants.

Debra L. Fulton, Knoxville, for Kregger and Spurling.

Linda J. Hamilton Mowles, Knoxville, for Transamerica Ins. Group.

## OPINION

GODDARD, Judge.

This case involves the interpretation of T.R.C.P. Rule 3 in conjunction with claims against an uninsured motorist carrier pursuant to T.C.A. § 56–7–1206.

On February 1, 1985, Defendants Kregger and Spurling were involved in an automobile accident with the Plaintiffs. The Plaintiffs filed suit for their injuries against Kregger and Spurling on July 15, 1985. Process was returned unserved on November 17, 1985. On February 13, 1986, the Plaintiffs were granted an order allowing an amendment to their original complaint naming Transamerica Insurance Group as a Defendant to whom service of process was then issued. The order set out that Transamerica was being joined pursuant to T.C.A. § 56–7–1206 as the uninsured motorist carrier for the Plaintiff. Transamerica served an answer on the Plaintiffs and proceeded with discovery as a party defendant per T.C.A. § 56–7–1206. The whereabouts of Defendants Kregger and Spurling was ascertained on August 4, 1986, and they were served with *alias* process on August 11, 1986.[1]

On September 8, 1986, Kregger and Spurling filed motions for summary judgment asserting the action against them was barred by T.R.C.P. Rule 3. Transamerica then filed motion for summary judgment on its behalf averring that if no cause of action existed against the original Defendants due to the running of the statute of limitations then it too should be dismissed from the lawsuit. The Trial Court granted both motions from which the Plaintiffs have appealed.

The thrust of the Plaintiffs' issues on appeal is that the guidelines of T.C.A. § 56–7–1206 supersede those of T.R.C.P. Rule 3. The Plaintiffs contend that as such, their action against the Defendants is

---

1. No other alias process had been issued since the return of the original complaint and summons "not to be found."

not barred due to their compliance with T.C.A. § 56–7–1206.

The relevant provisions of T.C.A. § 56–7–1206 provides as follows:

> *56–7–1206. Service of process—Actions by insurers—John Doe warrants—Arbitration.*—(a) Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this subsection shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.
>
> . . . .
>
> (d) In the event that service of process against the uninsured motorist, which was issued to his last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect; or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.
>
> (e) In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process and then the case may proceed against uninsured motorist as if he was served with process in the first instance.

The Statute thus allows for actions to be pursued against the uninsured motorist carrier as the sole defendant where, as is the case here, service of process upon the motorist sought to be charged is returned "Not to be found." T.C.A. § 56–7–1206(d). The only other condition to the uninsured motorist carrier assuming the defense is that service of process against the uninsured motorist carrier must have been executed pursuant to the guidelines set out in the section. Under T.C.A. § 56–7–1206(a), service of process, on an uninsured motorist carrier requires merely service of process "as though such insurance company were a party defendant."

■ On February 13, 1986, the Plaintiffs amended their original complaint to add Transamerica as uninsured motorist carrier defendant and duly served it with process. As service of process had been returned "not to be found" on the motorists sought to be charged November 17, 1985, the Plaintiffs had thus perfected their action against Transamerica as uninsured motorist carrier by complying with the conditions of T.C.A. § 56–7–1206.

It was error for the Trial Court to dismiss the action against Transamerica after the conditions of the section had been satisfied as to maintaining an action against an uninsured motorist carrier as sole defendant.

■ Transamerica has raised the defense on appeal of failure to serve it as a party defendant since service was outside of one year from the date of the accident. Whether or not the claim against the uninsured motorist carrier should fall within the one-year statute of limitations for tort actions or the six-year statute of limitations for contract actions need not be addressed for the fact that it would be improper to allow Transamerica to assert such a defense for the first time on appeal. See 27 C.J.S., Dismissal & Nonsuit § 49.

■ The Trial Court also erred in ruling that the Plaintiffs' cause of action against Defendants Kregger and Spurling was barred by T.R.C.P. Rule 3.

T.R.C.P. Rule 3 provides:

## RULE 3. COMMENCEMENT OF ACTION

All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is not served or not returned within 30 days from issuance, regardless of the reason, plaintiff, if he wishes to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, *each new process to be obtained within six months from issuance of the previous one, or plaintiff must recommence the action within one year from issuance of the initial process not served or not returned within 30 days from issuance.* (Emphasis supplied.)

Thus when, as in the case at bar, the initial process is returned unserved, the Plaintiff is required to issue new process every six months or refile the action yearly.

Plaintiffs, in this action, were proceeding under T.C.A. § 56-7-1206. Subsection (e) of T.C.A. § 56-7-1206 allows plaintiffs to issue *alias* process on the alleged uninsured motorist, when his whereabouts are discovered, during the pendency of the proceedings against the uninsured motorist carrier. Then, the action is to proceed "as if he [the uninsured motorist] was served with process in the first instance." Thus, a literal interpretation of T.C.A. § 56-7-1206(e) allows plaintiffs to by-pass the T.R.C.P. Rule 3 requirement that new process be issued every six months or the action be refiled yearly.

Every word used in a statute is presumed to have meaning and purpose, and should be given full effect if so doing does not violate the obvious intention of the Legislature. *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193 (1968).

■ The intention of the Legislature in enacting T.C.A. § 56-7-1206 was to provide an efficient procedure whereby the Plaintiffs could obtain complete relief when injured by an uninsured motorist. Subsection (d) is the procedure required to perfect a direct action against the uninsured motorist carrier when the whereabouts of the alleged uninsured motorist are unknown. Subsection (e) sets out the procedure required to add the alleged uninsured motorist to the subsection (d) proceeding when his whereabouts are ascertained. Suspension of the T.R.C.P. Rule 3 requirement, that alias process be issued every six months or that the action be filed yearly, during the subsection (d) proceeding, is consistent with the legislative intent to provide an efficient procedure.

T.C.A. § 1-3-103 provides:

If provisions of different titles or chapters of the Code appear to contravene each other, the provisions of each title or chapter shall prevail as to all matters and questions growing out of the subject matter of that title or chapter.

The Tennessee Rules of Civil Procedure are "laws" and are subject to being superseded in the same manner as statutes. *See Tennessee Department of Human Services v. Vaughn*, 595 S.W.2d 62 (Tenn.1980). Thus, the specific provisions in T.C.A. § 56-7-1206(e) prevail over the conflicting general provisions in T.R.C.P. Rule 3.

Since the Plaintiffs timely filed their original complaint and proceeded within the letter of T.C.A. § 56-7-1206(d) and (e), their action is not barred by the provisions of T.R.C.P. Rule 3.

For the foregoing reasons the Trial Court is reversed as to the granting of both summary judgments and the cause remanded for further proceedings consistent with this opinion. Costs of appeal are adjudged against Defendants Transamerica and Mr. Kregger and Mr. Spurling.

SANDERS, P.J. (E.S.), and FRANKS, J., concur.