**Mary LITTLE, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 18, 1989.

Permission to Appeal Denied by Supreme Court Feb. 26, 1990.

Ronald J. Attanasio, Leibowitz and Cohen, Knoxville, for plaintiff-appellant.

Fred G. Musick, Jenkins & Jenkins, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

In this action against an uninsured motorist, the trial judge dismissed the defendant insurance company from the action on the ground that plaintiff had failed to comply with the requirements of T.R.Civ.P.,

Rule 3.[1]  An appeal was granted to review this action pursuant to T.R.A.P., Rule 9.

Plaintiff was a passenger in an automobile driven by Donald Wayne Jennings, who had uninsured motorist coverage through defendant.  As a result of the accident, plaintiff sued vehicle operators, Helen Barnett and Peter Williams, and the uninsured motorist carrier was served with the complaint, pursuant to the uninsured motorist statute.  Service on Williams was returned marked "unable to locate".  After a nonsuit plaintiff timely refiled the complaint against these defendants and the complaint was served on State Farm.  The attempted service against Williams again was returned marked "unable to locate".[2]

Defendant Barnett and State Farm were served and filed answers.  Subsequently, State Farm moved to dismiss, alleging plaintiff's failure to obtain issuance of "new process", as required by T.R.Civ.P. Rule 3, barred the action against Williams, the uninsured motorist, and State Farm. The trial judge agreed and dismissed the action as to State Farm.

On appeal, plaintiff insists she is entitled to proceed against State Farm on the authority of T.C.A. § 56–7–1206(d).[3]  We agree.

**1.    RULE 3.  COMMENCEMENT OF ACTION.**

All civil actions are commenced by filing a complaint with the Court.  An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is not served or not returned within 30 days from issuance, regardless of the reason, plaintiff, if he wishes to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, each new process to be obtained within six months from issuance of the previous one, or plaintiff must recommence the action within one year from issuance of the initial process not served or not returned within 30 days from issuance.

**2.**  The record establishes that plaintiff's attorney hired a private investigator to locate defendant

This court in *Lady v. Kregger*, 747 S.W.2d 342 (Tenn.App.1987), addressed the relation between this section of the uninsured motorist statute and the procedural rule on service.  Generally, the uninsured motorist statute does not permit a direct action against an insurance carrier, *see Glover v. Tennessee Farmers Mutual Insurance Co.*, 225 Tenn. 306, 468 S.W.2d 727 (1971), but *Kregger* noted the unusual situation where a plaintiff knows the identity of the uninsured motorist but is unable to obtain service and followed the literal interpretation of the statute, saying:

Subsection (d) is the procedure required to perfect a direct action against the uninsured motorist carrier when the whereabouts of the alleged uninsured motorist are unknown.... Suspension of the T.R.C.P. ... 3 requirement ... is consistent with the legislative intent to provide an efficient procedure.  *Id.*, at 345.

The construction urged upon us by defendant would hold a plaintiff hostage to the requirement of obtaining service on the uninsured motorist or reissuing process from time to time indefinitely, which was not the intention of the legislature.

Williams.  The investigator reported that Williams was overseas in military service.

**3.**  T.C.A. § 56–7–1206.  *Service of Process—Actions by insurers—John Doe Warrants—Arbitration.*

.    .    .    .    .

(d) In the event that service of process against the uninsured motorist, which was issued to his last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect; or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

Accordingly, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.