Betty J. CARR, and Ollie R. Carr, Plaintiffs–Appellants,

v.

Helen D. BORCHERS, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

April 9, 1991.

Permission to Appeal Denied by Supreme Court Aug. 5, 1991.

Richard L. Banks, Cleveland, for plaintiffs-appellants.

Steven W. Keyt, of Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Chattanooga, for defendant-appellee.

OPINION

McMURRAY, Judge.

The plaintiffs appeal from the trial court's action in sustaining defendant's motion for summary judgment based on the statute of limitations and failure of the

plaintiffs to obtain new process within six months of each preceding process pursuant to Rule 3 of the Tennessee Rules of Civil Procedure. We reverse the judgment of the trial court dismissing the action.

## FACTS OF THE CASE

This action was filed in the Circuit Court of Bradley County, Tennessee, on April 8, 1987, for personal injuries and property damage arising from an automobile accident which occurred in Bradley County on October 10, 1986. At the time of the accident, all parties were residents of Bradley County. Pursuant to rule 4 of the Tennessee Rules of Civil Procedure, process was issued for service upon the named defendant and the plaintiffs' uninsured motorist insurance carrier. Process was served on the uninsured motorist carrier. The process issued for service upon the named defendant was returned on April 15, 1987, with the notation "not to be found at above listed address." On May 4, 1987, alias process was issued and an attempt was made to serve the defendant by certified mail. Plaintiffs' attorney returned the process "certified mail returned with notation that defendant has 'moved, not forwardable.'" Pluries process was issued on August 7, 1987, and served on the Secretary of State pursuant to T.C.A. § 20–2–203, *et seq*. An appropriate affidavit from the Secretary of State's office was returned to the Bradley County Circuit Court Clerk acknowledging receipt of the original and certified copies of the Summons and Complaint on August 11, 1987. The affidavit further stated that the certified copies were properly mailed to the defendant at an address in California and that the letter was returned "unclaimed."

On October 29, 1987, Shelby Mutual Insurance Company, plaintiffs' uninsured motorist insurance carrier filed a "notice of intent to defend." On January 19, 1988,[1] a summons again issued and was not successfully served on the defendant. Apparently another summons was issued on April 8, 1988 and forwarded to the Sheriff's office in Riverside, California. The Sheriff's office returned an affidavit stating that service had been attempted unsuccessfully on three different occasions and noted "moved from the address given, house vacant." Another summons was issued on July 27, 1989 and apparently an attempt was made to serve it by certified mail. No return receipt is found in the record. On October 6, 1989, plaintiffs filed a motion "for order allowing suit to proceed against uninsured motorist carrier." On October 26, 1989, another summons was issued and was successfully served by a private process server on November 19, 1989, at an address in Chicago. The record does not reflect when the return was filed with the Clerk of the Court. On November 22, 1989, an agreed order was entered granting the plaintiffs' motion to be allowed to proceed against the uninsured motorist carrier.

On February 16, 1990, the defendant filed her answer alleging *inter alia*, the insufficiency of process and asserting that the action was barred by the statute of limitations. On February 26, 1990, the defendant filed a motion for summary judgment based on the one-year statute of limitations set out in T.C.A. § 28–3–104 and failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure. In opposition to the motion for summary judgment, the plaintiffs filed the affidavit of their attorney, Richard L. Banks, reciting, among other things, the several attempts to serve the defendant and asserting that the plaintiffs were proceeding under the authority of T.C.A. § 56–7–1206 and related statutes thus precluding the statute of limitations defense.

On March 28, 1990, the uninsured motorist carrier filed a motion to dismiss, asserting that the defendant was insured by a policy of liability insurance which was in effect at the time of the accident. Supporting affidavits were filed setting out the limits of the liability policy. In response to

---

1. There is some question as to whether this summons was issued in January 1988 or January 1989, however, for the purposes of the issues to be considered here the date is immaterial.

the motion to dismiss and supporting affidavits, the plaintiffs on April 3, 1990, entered a voluntary non-suit as to the uninsured motorist carrier, Shelby Mutual Insurance Company.

## ACTION OF THE TRIAL COURT

On April 30, 1990, the memorandum opinion of the trial judge was filed. At that time, he declined to sustain the motion for summary judgment, ruling as follows:

"It appears to the court that there is a factual matter to be resolved before the court can make a definitive judgment on these motions i.e. Was the defendant an uninsured motorist on the date of the accident or not?

If it appears from the proof that the defendant was in fact an uninsured motorist within the meaning of the statutes relating thereto, then Rule 3 of the Tennessee Rules of Civil Procedure requiring the issuance of new process within six months has been superseded by T.C.A. 56–7–1206(d). See the case of *Mary Little v. State Farm Mutual Insurance Co.*, 784 S.W.2d 928 (Tenn.App. 1989), Permission to Appeal Denied Feb. 26, 1990. If, on the other hand, it appears to the court that the Defendant was, in fact, an insured motorist at the time of the accident, then the motion for summary judgment would be good and the case should be dismissed for failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure."

On May 8, 1990, the defendant filed a motion to reconsider and apparently as a result, the trial court issued a supplemental memorandum opinion which was filed on August 24, 1990. In this memorandum opinion, the court stated:

"It duly appearing to the court that according to affidavits filed in this case subsequent to the issuance of the memorandum opinion, it is apparent that at the time of the accident between the Plaintiff and the Defendant the Defendant had liability insurance in an amount sufficient to satisfy the amount claimed in the Plaintiffs' complaint and that, therefore, she was an insured driver within the meaning of the law."

In accordance with the opinion, an order was filed on September 7, 1990 sustaining the defendant's motion for summary judgment.

## ISSUE ON APPEAL

The plaintiffs have appealed from the order of the trial court sustaining the motion for summary judgment. We are called upon to decide whether, under the circumstances of this case, the plaintiffs' claims against the defendant are time barred.

## DISCUSSION OF APPLICABLE LAW

In resolving the issue presented, we must determine the effect, if any, of T.C.A. § 56–7–1206 on the application of Rule 3 of the Tennessee Rules of Civil Procedure.

T.C.A. § 56–7–1206 provides in pertinent part as follows:

(d) In the event that service of process against the *uninsured motorist*, which was issued to his last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect; or if service of process is being made upon the Secretary of State for a nonresident *uninsured motorist* and the registered notice to the last known address is returned without service on the *uninsured motorist*, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such case. (Emphasis added).

(e) In the event the *uninsured motorist's* whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the *uninsured motorist*. In such a case, the *uninsured motorist* shall be allowed a reasonable time within which to plead to the original process and then the case may proceed against *uninsured motorist* as if he was served with process in the first instance. (Emphasis added).

We have examined the cases of *Lady v. Kregger*, 747 S.W.2d 342, (Tenn.App.1987) and *Little v. State Farm Mut. Ins. Co.*, 784 S.W.2d 928, (Tenn.App.1990) with care and we are of the opinion that the rule established by *Lady* and *Little* is without application to the circumstances of this case. In *Lady*, supra, the court said:

"Plaintiffs, in this action, were proceeding under T.C.A. § 56–7–1206. Subsection (e) of T.C.A. § 56–7–1206 allows plaintiffs to issue *alias* process on the alleged uninsured motorist, when his whereabouts are discovered, during the pendency of the proceedings against the uninsured motorist carrier. Then, the action is to proceed 'as if he [the uninsured motorist] was served with process in the first instance.' Thus, a literal interpretation of T.C.A. § 56–7–1206(e) allows plaintiffs to by-pass the T.R.C.P. Rule 3 requirement that new process be issued every six months or the action be refiled yearly."

■ In this case, the defendant is not, in fact, an uninsured motorist. From the record before us, we cannot say that the plaintiff at any stage of the proceedings, ever enjoyed the benefit of a presumption that the defendant was uninsured. To bring this case within the ambit of the rule expressed in *Lady* and *Little* would require redefining "uninsured motorists" as used in T.C.A. § 56–7–1206 to include any motorist whose whereabouts is unknown. This prerogative belongs to the legislature. We, therefore, conclude that T.C.A. 56–7–1206 does not prevent the application of Rule 3 of the Tennessee Rules of Civil Procedure under the circumstances of this case.

■ We must next consider whether the application of Rule 3 is precluded by some other rule of law or whether the statute of limitations has otherwise been tolled. T.C.A. § 28–1–111 provides as follows:

**Suspension during absence from state.**—If at any time any cause of action shall accrue against any person who shall be out of the state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.

This statute has been judicially construed to be inapplicable to nonresident motorists who may be served through the Secretary of State under the provisions of T.C.A. § 20–2–203. See *Arrowood v. McMinn County*, 173 Tenn. 562, 121 S.W.2d 566, (1938). T.C.A. § 20–2–203 sets out the procedure by which nonresident motorists can be brought into this state by service of process on the Secretary of State for automobile accidents occurring in this state.[2]

T.C.A. § 20–2–203 provides in pertinent part as follows:

**Use of highways as appointment of agent for process—Pre-trial discovery depositions.**—(a)(1) Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident who, acting in behalf of the owner of any such vehicle, uses or causes to be used any such motor vehicle in this state … and who shall make use of the privilege, hereby extended to nonresidents of the state to operate such vehicle on the highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent *for the acceptance of service of process* in any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. (Emphasis added).

(2) Such use of the highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdic-

---

**2.** The defendant, although a resident of the state when the accident occurred is a nonresident within the meaning of T.C.A. § 20–2–203.

tion of this state and the county of action.

In this action, the Tennessee Secretary of State, through his authorized representative filed his oath with the Circuit Court Clerk of Bradley County that he had received the original and certified copies of the summons and complaint issued against the defendant in this cause. He further made oath that he had mailed a certified copy of the summons and complaint to the defendant together with written notice that service was so made. The letter was not delivered but was returned unclaimed. The Secretary's oath is dated September 9, 1987, less than one year after the accident is alleged to have occurred in this case.

■ In *Vance v. Blegan*, 225 Tenn. 282, 466 S.W.2d 223, (1971), citing *Noseworthy v. Robinson*, 203 Tenn. 683, 315 S.W.2d 259, the Supreme Court said:

"It is true of course, that under T.C.A. § 20–226 (now 20–2–205) the Secretary is required to send a copy of the summons to the defendant together with written notice that service had been made and that under T.C.A. § 20–227 (now 20–2–206) service is not 'consummate' until the Secretary sends to the Clerk of the trial court the proper notification that service had been made and the defendant notified. But by the plain words of T.C.A. § 20–224 (now 20–2–203), and on the authority of *Noseworthy v. Robinson*, the only 'service of process' necessary is that on the Secretary of State, and notice to the defendant, though vital, is a separate matter."

Does service on the Secretary of State, absent requisite notice to the defendant constitute sufficient service of process to toll the running of the statute of limitations? We hold that it does. Were it not true, a defendant, under the circumstances of this case could not be served under the provisions of T.C.A. § 20–2–203 due to lack of knowledge of his whereabouts. If the defendant cannot be served under T.C.A. § 20–2–203 or any other "long arm" statute because his whereabouts is unknown, then absence from the state should, in and of itself, toll the statute of limitations.

Justice demands that the defendant not be allowed to hide behind the provisions of T.C.A. § 20–2–203 to prevent the application of T.C.A. § 28–1–111 (Suspension during absence from state) while at the same time escaping service under T.C.A. § 20–2–203 because the plaintiff is unable, with due diligence, to discover his whereabouts.

■ The defendant is now before the court. She was served by a private process server pursuant to Rule 4.01(2) of the Tennessee Rules of Civil Procedure, on November 19, 1989. Thus, she has now received proper notice of the pending action against her. Whether the plaintiff exercised due diligence to seek out and serve the defendant is a question of fact to be determined by the trial court. Since, under Rule 8.03 of the Tennessee Rules of Civil Procedure, a statute of limitations defense is an affirmative defense and no *prima facie* showing of the running of the statute of limitations is made by the record, the burden of establishing that the statute has run is upon the defendant. See *Stockburger v. Ray*, 488 S.W.2d 378, (Tenn.App.1972).

## CONCLUSION

■ We are of the opinion and hold that service of process on the Secretary of State, pursuant to T.C.A. § 20–2–203 *et seq*, is sufficient to toll the running of the statute of limitations, provided the plaintiff uses or has used due diligence to ascertain the whereabouts of the defendant and to serve the requisite notice to make service consummate.

The judgment of the trial court granting defendant's motion for summary judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellee.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.