James M. BALLARD, III,
Plaintiff–Appellant,

v.

Alisadat ARDENHANI, Defendant–
Appellee.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Jan. 11, 1995.

Application for Permission to Appeal
Denied by Supreme Court
May 1, 1995.

Floyd Don Davis, Winchester, for appellant.

Donald J. Ray, Tullahoma, for appellee.

CRAWFORD, Judge.

Plaintiff, James M. Ballard, III, appeals from the order of the trial court that dismissed his suit for personal injuries sustained in an automobile accident. The trial court granted the dismissal based on plaintiff's failure to comply with the applicable statute of limitations.

On October 28, 1990, plaintiff, while driving his vehicle, was involved in a collision with an automobile being operated by defendant, Ali Sadat Ardehani. On March 18, 1991, plaintiff filed suit for personal injury against defendant. The initial summons was issued on that date, and delivered to defendant's Tullahoma address. The summons was returned "not found" on April 19, 1991. On July 24, 1991, plaintiff filed an amended complaint which was served to defendant's attorney. On December 10, 1991, an alias summons was issued on defendant, and again sent to the Tullahoma address. It was returned "out of date" on March 4, 1992. A second alias summons was issued on March 4, 1992, and returned on March 25, 1992, with the notation, "This person is in Persia." On March 25, 1992, a summons was issued to Shelter Insurance Company, plaintiff's uninsured motorist carrier. On May 4, 1992, plaintiff took a voluntary non-suit.

On May 8, 1992, plaintiff refiled the suit and on May 18, 1992, process was served on Shelter Insurance Company. On October 12, 1992, the summons and the complaint were delivered to the Secretary of State for service on the nonresident defendant. On November 24, 1992, process was successfully served on defendant via the Secretary of State. In October of 1993, defendant filed a motion to dismiss the suit. After a hearing, the trial court dismissed the suit on the basis that the statute of limitations for actions pertaining to personal injuries had expired. This appeal ensued.

Defendant raises three issues on appeal:

1. Whether the lower court erred when it ruled that Plaintiff's suit was barred by the statute of limitations for failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure?

2. Whether the statute of limitations was tolled while Defendant was out of the country?

3. Whether the uninsured motorist carrier was dismissed by the lower court's ruling?

We will address these issues in the order set out above.

At the hearing on the motion to dismiss, defendant relied upon Rule 3, T.R.Civ. P., and plaintiff argued that the case was controlled by the uninsured motorist statute, T.C.A. § 56–7–1206 (1994), or, in the alternative, that he complied with Rule 3. We will first address plaintiff's contention that he complied with Rule 3 of the T.R.Civ.P. which provides:

All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or if process is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations unless the plaintiff either:

(1) continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons, or

(2) recommences the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons.

The complaint was filed, and the initial summons issued on March 18, 1991. The summons was returned unserved. On July 24, 1991, plaintiff filed an amended complaint that was served on defendant's attorney. No new process issued upon the filing of the amended complaint. Plaintiff issued an alias summons on December 10, 1991. Plaintiff took a nonsuit on May 4, 1992, and recommenced the action on May 8, 1992. Plaintiff failed to comply with the express terms of the rule. The alias summons was not issued until December 10, 1991, well over six months after the issuance of the previous process on March 18, 1991. Furthermore, the suit was not recommenced until May 8, 1992. In order to comply with Rule 3, plaintiff must have recommenced the action by March 18, 1992.

■ Plaintiff argues that the filing of the amended complaint, and its service upon defendant's counsel, extends the six month Rule 3 period to January 24, 1992. Plaintiff cites no authority for this contention, and this argument is without merit. Rule 3 requires that the action be continued by the filing of a new complaint and process. The execution of a "Certificate of Service" by counsel is not the equivalent of filing a new complaint. *Vanhooser v. Ling*, 872 S.W.2d 913 (Tenn.App.1993). Accordingly, Plaintiff has failed to comply with Rule 3.

We must now determine whether plaintiff's failure to comply with Rule 3 is excused by the provision of T.C.A. § 56–7–1206(d) and (e) which provide:

(d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, or if the service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

(e) In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process, and then the case may proceed against the uninsured motorist as if the motorist was served with process in the first instance.

In his brief, plaintiff cites *Lady v. Kregger*, 747 S.W.2d 342 (Tenn.App.1987), for the proposition that the above statute allows plaintiff to by-pass the requirements of Rule 3. We agree with plaintiff's interpretation of *Lady*. However, the holding of *Lady* is only applicable when the defendant is, in fact, an uninsured motorist. *Carr v. Borchers*, 815 S.W.2d 528, 531 (Tenn.App.1991).

■ Plaintiff has the burden of establishing that the motorist involved in the collision was uninsured. *Jones v. Prestige Ca. Co.*, 646 S.W.2d 918, 920 (Tenn.App.1982). No presumption of uninsured status arises by the mere fact that service was returned not found. *Id.*

Although plaintiff asserts that his suit was filed pursuant to T.C.A. § 56–7–1206, the record does not so reflect. T.C.A. § 56–7–1206(a) provides in pertinent part:

(a) Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant.

■ In plaintiff's initial suit filed March 18, 1991, no process was directed to the uninsured motorist carrier, Shelter Insurance Company, until March 25, 1992, over a year after the initial suit was filed. This clearly indicates that when plaintiff filed his initial suit he did not intend to rely upon uninsured motorist coverage. Moreover, the lack of intent on the part of plaintiff to rely on uninsured motorist coverage is clearly established by the record. On April 10, 1992, pursuant to T.C.A. § 56–7–1104 (provides for

obtaining address from defendant's liability insurance carrier) plaintiff sent a "Notice" addressed to Jim Watts, claims representative for Auto Owners Insurance Company, requesting that plaintiff be provided any information that Auto Owners had regarding the address and location of the defendant. The record reflects that information was furnished pursuant to this notice and the record also contains an affidavit filed by Donald J. Ray, counsel of record for the defendant, that he was hired by Auto Owners Insurance Company to represent the defendant pursuant to a liability insurance policy in full force and effect. Plaintiff's claim that he was unaware that defendant was covered by a policy issued by Auto–Owner's Insurance Company until defendant's counsel so stated at the hearing on the motion to dismiss appears somewhat dubious in light of the record before us. The trial court correctly held that plaintiff's suit is barred by the statute of limitations by virtue of his failure to comply with Rule 3 in the initial suit.

Plaintiff next contends that the statute of limitations should have been tolled, pursuant to T.C.A. § 28–1–111 (1980) during the time that defendant was out of the country. T.C.A. § 28–1–111 states:

**Suspension during absence from state.—** If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.

■ This statute is generally inapplicable to nonresident motorists who may be served through the Secretary of State under the provisions of T.C.A. § 20–2–203. *Arrowood v. McMinn County*, 173 Tenn. 562, 121 S.W.2d 566, 569 (1938); *see also Carr v. Borchers*, 815 S.W.2d 528 (Tenn.App.1991). The Tennessee nonresident motorist statute, T.C.A. § 20–2–203 provides in pertinent part:

**Use of highways as appointment of agent for process—Pre-trial discovery depositions.—**(a)(1) Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident who, acting in behalf of the owner of any such vehicle, uses or causes to be used any such motor vehicle in this state, or any nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle licensed under the laws of this state, for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state as agent for acceptance of service of process in any civil action brought by any person against the owner, chauffeur or operator of such motor vehicle, or nonresident, arising out of any accident or injury occurring in this state in which such vehicle is involved;

(2) Such use of a highway shall be treated as an agreement on the part of such person that such service of process shall have the force and validity of personal service on the owner, chauffeur or operator of such motor vehicle, or nonresident within the jurisdiction of this state and the county of action.

(3) "Nonresident" as used herein, includes any person who though a resident of this state or who was the owner or operator of a motor vehicle properly registered and licensed under the laws of this state when the motor vehicle accident or injury occurred, has been absent from the state of Tennessee for at least thirty (30) days next proceeding the day on which process shall be lodged with the secretary of state as hereinafter provided in § 20–2–205.

Although the record is unclear as to the length of time that defendant was out of the country, it appears incontrovertible that defendant did, at some time, satisfy the statutory definition of "nonresidence." In *Carr*, this Court noted an exception to the *Arrowood* rule and stated that service on the Secretary of State pursuant to the above statute, absent requisite notice to the defendant, constitutes sufficient service of process to toll the

statute of limitations provided that the plaintiff has exercised due diligence in ascertaining the defendant's whereabouts. *Carr*, 815 S.W.2d at 532.

However, the case at bar is factually distinguishable from both *Arrowood* and *Carr* in that it involves the situation where the plaintiff was unaware of the fact that the defendant was, or had become, a nonresident (at least until March 25, 1992). In this respect, the facts in the instant case are similar to the recent Tennessee Supreme Court case of *Lam v. Smith*, 891 S.W.2d 207 (Tenn.1994).

In *Lam*, the plaintiffs were involved in an auto accident with Smith on January 5, 1989. On December 28, 1989, the Lams filed a negligence action against Smith, and process, addressed to Smith at "7869 National, Millington, Tennessee 38053," issued that same day. On January 8, 1990, process was returned with the notation "moved." On May 11, 1990, process was again issued to Smith at the same address, and on May 17, it was returned with the same notation. In September of 1990, the Lams' attorney requested information from Smith's insurance company as to her whereabouts. The insurer was only able to provide the Millington address. *Id.* at 208. The Lams then hired a private process server to issue the summons and complaint at that address on September 28, 1990, but this attempt was also unsuccessful. In February 1991, the Lams hired a private detective to locate Smith. This attempt failed also. On April 2, 1991, the Lams again unsuccessfully attempted to serve Smith at her Millington address. In September of 1991, the Lams hired a second private detective agency and on September 17, that agency located Smith in North Carolina. The Lams filed an amended complaint and on September 27, 1991, another summons was issued, this time to the Tennessee Secretary of State, the designated agent for service of process for nonresident motorists and Smith was duly served. In answering interrogatories propounded to her, Smith alleged that she had lived in Millington at the time of the accident, but had moved to North Carolina on February 15, 1989, when her husband, a marine, was transferred to there. *Id.*

The trial court dismissed the action because the Lams had failed to comply with Rule 3 of the Tenn.R.Civ.P. The court held that because Rule 3 had not been followed the plaintiffs could not rely on their original filing to toll the one year statute of limitations applicable to personal injury actions. The Court of Appeals, relying on *Arrowood* and *Carr* affirmed the judgment. The Tennessee Supreme Court reversed, stating:

> Despite Smith's contention that this case is controlled by *Arrowood* and *Carr*, this is actually a case of first impression, for neither *Arrowood* nor *Carr* involved a situation where the plaintiff was unaware of the fact that the defendant was, or had become, a nonresident.

> \*   \*   \*   \*   \*   \*

> Therefore, *Arrowood* and *Carr*, standing alone, do not establish the sweeping proposition that if a method is available for serving a nonresident defendant, regardless of the plaintiff's knowledge of the defendant's nonresidence, the suspension statute cannot serve to toll the statutory period of limitations. Furthermore, we do not believe that the *Arrowood* rule should be extended to cover a situation where the plaintiff has no knowledge that the defendant has become a nonresident.

*Id.* at 211.

The Court then went on to discuss the policy behind *Arrowood*, stating:

> Since the *Arrowood* rule is intended to prevent a plaintiff from using the suspension statute to toll indefinitely the limitations period while disregarding valid available methods of serving a nonresident defendant, the rule essentially punishes the plaintiff for failing to take advantage of available methods of service. Therefore, it follows that the rule is implicitly based on the plaintiff's *conscious disregard* of those possible methods of service.

> With these considerations in mind, it becomes clear that the proper question to be asked in deciding if the *Arrowood* rule applies in a particular situation is *not* whether a method was available, in the abstract, to serve the nonresident defendant. Rather, the question is whether the

**374**

plaintiff has unjustifiably failed to use that method of service under the circumstances of the case. If the plaintiff has used due diligence in trying to ascertain the location of the defendant, but is still unaware of the defendant's nonresident status, the *Arrowood* rule should not prevent the invocation of the suspension statute.

*Id.* at 212.

■ Applying this rule to the case at bar, we hold that plaintiff has failed to satisfy the prerequisites necessary to toll the statute of limitations. Plaintiff has not used due diligence in attempting to locate and serve Defendant. The record shows that plaintiff made virtually no effort to locate defendant. In fact, plaintiff's only effort was to write one letter to defendant's insurance company requesting information as to defendant's whereabouts. Furthermore, plaintiff did not even make this feeble attempt until over one year after the issuance of the original process. Clearly, this lacksadaisacal pursuit of defendant falls well short of the effort (which was approved by the Supreme Court) made by the plaintiffs in *Lam.* Plaintiff also contends that defendant has attempted to evade process. However, as the record shows no evidence of evasion, this contention is without merit, as is the issue in its entirety.

Plaintiff's final contention that the trial court's ruling did not release the uninsured motorist carrier from the suit is also without merit. As stated previously, plaintiff failed to produce any evidence indicating that defendant was an uninsured motorist and plaintiff's suit was already barred by the statute of limitations when he served the uninsured motorist carrier. Moreover, the uninsured motorist carrier is liable only to pay such sums as the insured is legally entitled to recover from the uninsured motorist.

The order of the trial court dismissing plaintiff's suit is affirmed. Costs of appeal are assessed against plaintiff and the case is remanded for such further proceedings as may be necessary.

HIGHERS and FARMER, JJ., concur.