**Thomas R. JONES, d/b/a Jones & Company, Plaintiff-Appellee,**

v.

**PRESTIGE CASUALTY COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

March 10, 1982.

Permission to Appeal Denied by Supreme Court Sept. 7, 1982.

R.R. Ruth, Jr., of Foster, Ruth & Foster, Chattanooga, for defendant-appellant.

Arthur D. Wulforst, of Ragan & Wulforst, Chattanooga, for plaintiff-appellee.

## OPINION

SANDERS, Judge.

The Defendant has appealed from a judgment against it under the uninsured motorist provisions of its insurance policy.

The Defendant-Appellant, Prestige Casualty Company, issued an automobile liability policy to the Plaintiff-Appellee, Thomas R. Jones, d/b/a Jones & Company, on a 1969 model Cadillac ambulance. The policy contained a standard uninsured motorist provision covering both personal injuries and property damages. The policy was in force on May 2, 1980, when the vehicle was damaged by an automobile driven by Shearon K. Baker. The Plaintiff filed suit in the general sessions court against the Defendant, Prestige Casualty Company, and Shearon K. Baker. Process was never had on Shearon Baker and the case proceeded to trial against the Defendant, Prestige Casualty, on the theory that Shearon Baker was an uninsured motorist. Judgment was entered against the Defendant and it appealed to the circuit court. In the circuit court judgment was also entered against the Defendant on the same theory for $1,450.

Defendant has appealed, presenting the following issue: "The single issue raised by this appeal is whether or not the plaintiff presented evidence sufficient to establish that his damages were caused by an uninsured motorist."

We find he did not. The proof shows the accident occurred about 11:45 p.m. on Frazier Avenue in Chattanooga. Plaintiff's ambulance was parked on the right-hand side of Frazier Avenue when struck by the Shearon Baker automobile. After the collision the Baker car careened across Frazier Avenue and struck a building. A city patrolman was in an automobile proceeding down Frazier Avenue in the same direction but ahead of the Baker automobile. He heard the crash and saw the Baker car

through his rear-view mirror as it crossed the street and struck the building. The officer went to the accident and talked with Mrs. Baker. She was injured but gave the officer her name and address. The officer testified he smelled alcohol on her breath. Her speech was "jumbled" and she acted as though she was about to lose consciousness. An ambulance was called and she was taken to the hospital. The Plaintiff later talked with Mrs. Baker and as the result of that conversation he contacted Liberty Mutual Insurance Company but it declined to honor his claim. The record is devoid of any proof as to whether or not Mrs. Baker was uninsured at the time of the accident.

The case was tried in a bifurcated hearing before the circuit court. After the evidence in the first hearing was concluded the court, in addressing the need of additional evidence before deciding the case, said, "How does the court know actually Mrs. Baker is not insured?" At the second hearing no proof was offered to answer the court's question. The Plaintiff's original insurance policy was the extent of the evidence offered at the second hearing.

We have been cited to no reported cases in this jurisdiction, nor have we found any, dealing with the quantum of proof necessary in these cases. However, the unreported case by this court of *Jackson v. Jones and Transworld Assurance Company*, filed February 16, 1979, certiorari denied May 7, 1979, speaks directly to the issue before us. The court said:

"In *McCall v. Maryland Cas. Co.*, 517 [516] S.W.2d 353 (Tenn.1974), it was held that the plaintiff, who had not been able to effect service of process on the allegedly uninsured motorist, could not bring the action directly against the insurer. In that case, in a concurring opinion, it was noted:

" 'Our statute provides coverage in the case of the "hit-and-run" driver, but denies it in the case of the "hit-and-hide" driver.

" 'This deficiency in our uninsured motorist statutes addresses itself to the Gen-

eral Assembly. It is to be hoped that it will see fit to end this patent injustice.'

"In the very next legislature T.C.A. 56–1153 was amended to read:

"'In the event that service of process against the uninsured motorist, which was issued to his last known address is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect ... shall be sufficient for the court to require the said insurer to proceed as if it is the only defendant in such a case.'

"We think there is no question but that the above amendment was enacted in an effort to afford relief in situations such as arose in the *McCall* case. The amendment clearly permits an insured to proceed against his insurer once return of process issued to the alleged uninsured motorist is returned 'not to be found in my county.' We find the amendment to be unambiguous and it does not relieve the insured of the burden of proving that the motorist involved in the collision was uninsured nor does the statute, as amended, create a presumption in favor of the insured that the other motorist was uninsured."

The issue is resolved in favor of the Appellant. The judgment of the trial court is reversed and the complaint is dismissed. The cost of this appeal is taxed to the Appellee.

GODDARD, J., and MARTHA C. DAUGHTREY, Special Judge, concur.