Tommie GRAY, Sr., Savannah Y. Gray, Michael W. Gray, and Tommie Gray, Jr., Plaintiffs/Appellees,

v.

TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, and L.V. Orange, a/k/a L.V. Bonds, Defendants/Appellants.

Court of Appeals of Tennessee, Western Section.

July 1, 1986.

Application for Permission to Appeal Denied April 6, 1987.

Timothy A. Ryan, III, Memphis, for defendants-appellants.

William E. Friedman, Memphis, for plaintiffs-appellees.

TOMLIN, Presiding Judge (W.S.).

Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers") has appealed to this Court from a judgment against it under the uninsured motorist provisions of its insurance policy. Plaintiffs originally brought a personal injury suit in the Circuit Court of Shelby County in September 1979, against L.V. Orange, a/k/a L.V. Bonds ("Orange"), as defendant. They also served a copy of the complaint on Tennessee Farmers, their uninsured motorist carrier. Tennessee Farmers, in its answer, denied Orange was negligent and also denied that he was an uninsured motorist. Service of process was never had on Orange. Upon motion of plaintiffs, the trial court ordered the case to proceed to trial with Tennessee Farmers as the only defendant. In a bench trial, judgment was rendered for plaintiffs against Tennessee Farmers in the amount of $20,000, its uninsured motorist policy limits.

Tennessee Farmers raises two issues on appeal: (1) Did plaintiffs have the burden of proof on the issue of whether or not their damages were caused by an uninsured motorist, and if so, did they carry that burden? (2) Did plaintiffs allow the one-year statute of limitations applicable to their suit against Orange to expire, and if

so, does this, in effect, bar their suit against Tennessee Farmers? We find they did not carry their burden of proof and reverse the trial court.

The basic facts are not in dispute. On September 16, 1978, an automobile operated by Orange collided with an automobile occupied by the plaintiffs. The proof indicates that the Orange vehicle crossed the centerline of the road, striking plaintiffs' automobile. All of the plaintiffs were injured. A police officer arrived at the scene of the accident and conducted an investigation. The driver of the vehicle that struck plaintiffs was still present at the scene. The police ascertained his identity to be one L.V. Orange, alias L.V. Bonds. Orange also gave the officer his address. An accident report that included the description and license number of Orange's automobile was filed.

The record reflects that twelve summonses or alias summonses were issued by plaintiffs, but service of process was never had on Orange, in spite of the fact that various names and addresses were used on the summonses. Finally the trial court entered an order pursuant to T.C.A. § 56–7–1206, allowing the case to proceed against Tennessee Farmers as the only defendant.

## I. BURDEN OF PROOF.

Tennessee Farmers contends that Orange's alleged uninsured motorist status was never proven by plaintiffs. On the other hand, plaintiffs contend that the attempt to serve Orange with process some twelve different times, using various addresses, "constitutes some evidence, though admittedly thin, that the other driver did not have liability insurance coverage." Plaintiffs also assert that Tennessee Farmers failed to prove that Orange did in fact have insurance coverage.

We are of the opinion that this case falls squarely within the purview of *Jones v. Prestige Casualty Co.,* 646 S.W.2d 918 (Tenn.App.), *permission to appeal denied,* (1982).

The facts in *Jones* are almost identical to the facts under consideration. Jones suffered injuries and property damage in an automobile collision with one "Baker." He sued Baker and Prestige, his uninsured motorist carrier. Process was never had on Baker, and the case proceeded to trial against Prestige. The trial court rendered a judgment against Prestige.

In reversing the trial court, Judge Sanders observed, as do we in the case *sub judice,* that "[t]he record is devoid of any proof as to whether or not Mrs. Baker was uninsured at the time of the accident." *Id.* at 919. In reversing the trial court, our brothers in the Eastern Section quoted with approval the case of *Jackson v. Jones and Transworld Assurance Company,* an unreported decision in which certiorari was denied. In commenting upon the effects of T.C.A. § 56–1153, now 56–7–1206(d), which permits the trial court to allow the case to proceed against the insurer as the only defendant when process against the alleged uninsured motorist is returned "not to be found," the *Jackson* court stated:

> "We think there is no question but that the above amendment was enacted in an effort to afford relief in situations such as arose in the *McCall* case. The amendment clearly permits an insured to proceed against his insurer once return of process issued to the alleged uninsured motorist is returned 'not to be found in my county.' We find the amendment to be unambiguous and it does not relieve the insured of the burden of proving that the motorist involved in the collision was uninsured nor does the statute, as amended, create a presumption in favor of the insured that the other motorist was uninsured.

*Jones,* 646 S.W.2d at 920.

The position taken by plaintiffs on this issue flies directly in the face of *Jones* and *Jackson,* for they contend that, in essence, there is a presumption that a defendant for whom process is returned "not to be found" is uninsured. While such may be the law in other states, it is not the law in Tennessee. Here, as in

*Jones,* no proof of any kind was offered, notwithstanding the fact that the proof did show that an accident report purporting to contain a description of Orange's automobile and its license plate number was filed. Counsel for plaintiffs concedes that he did not check the Tennessee Department of Financial Responsibility to see if Orange had filed any sort of report with it, and he was "not sure" if he checked with the Tennessee Department of Safety to determine what records were there on file.

Not only do we find, but plaintiffs admit, that they have the burden of proof. However, we also find that plaintiffs offer nothing but a presumption that is not recognized in law, and they have failed to carry the required burden to establish the uninsured status of the defendant Orange.

Inasmuch as our finding on this issue is dispositive of this litigation, we pretermit the issue of the statute of limitations. The judgment of the trial court is reversed and the complaint is dismissed. Costs in this cause are taxed to the plaintiffs, for which execution may issue, if necessary.

FARMER, J., and MATHERNE, Special Judge, concur.