IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2003 Session

## VICKI B. CARLTON v. SHARON L. DAVIS

**Appeal from the Circuit Court for Davidson County**
**No. 01C-3864     Barbara Haynes, Judge**

---

**No. M2002-01089-COA-R3-CV - Filed April 24, 2003**

---

The trial court granted summary judgment to Appellee based upon expiration of the applicable statute of limitations. Appellant asserts that Tennessee Code Annotated section 56-7-1201(g) tolls the statute of limitations, or that, in the alternative, Appellee is equitably estopped from relying upon the statute of limitations. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., and L. CRAIG JOHNSON, SP. J., joined.

Michael K. Radford, Brentwood, Tennessee, for the appellant, Vicki B. Carlton.

Scott A. Rhodes, Brentwood, Tennessee, for the appellee, Sharon L. Davis.

### OPINION

On March 23, 1999, Plaintiff/Appellant, Vicki Carlton, was traveling north on Randy Road in Davidson County, Tennessee and stopped for a signal at State Route 45. Charles Roberts was driving his vehicle eastwardly on State Route 45, and Defendant/Appellee, Sharon Davis, was driving her car westwardly on State Route 45. Davis turned left in front of Roberts resulting in a collision between Roberts and Davis with the Davis vehicle being knocked into the Plaintiff's vehicle, then stopped at the intersection.

By civil warrant filed March 13, 2000, Plaintiff sued Sharon L. Davis and Charles E. Roberts in the General Sessions Court of Davidson County for personal injuries resulting from the accident of March 23, 1999. Roberts was properly served on March 21, 2000, but process as to Sharon Davis was returned "not to be found in my county."

On May 12, 2000, an alias summons was issued for Sharon Davis with a copy to be served on State Farm Mutual Automobile Insurance Company, uninsured motorist carrier for Plaintiff, through the Commissioner of Insurance under the provisions of Tennessee Code Annotated section

56-7-1206. Service of process was properly effected on State Farm Mutual, but, again, the alias summons as to Sharon Davis was returned "not to be found in my county at old listed prior residence." This alias process was returned on May 23, 2000. Pluries summons was issued for Sharon L. Davis on March 28, 2001, and personally served on her on April 9, 2001.

On September 17, 2001, Plaintiff took a voluntary nonsuit as to Charles Roberts and State Farm Mutual Automobile Insurance Company. On December 5, 2001, a default judgment was entered in favor of Plaintiff and against Davis in the amount of $14,999.99. On December 10, 2001, Davis timely appealed the decision of the general sessions court to the Circuit Court of Davidson County and demanded a jury to try the issues.

On February 19, 2002, Davis filed a Motion for Summary Judgment asserting that, by reason of the failure of Plaintiff to comply with the provisions of Tennessee Code Annotated section 16-15-710, her suit was barred by the one year statute of limitations. By Order of April 24, 2002, the Motion for Summary Judgment of Defendant was granted, and the case was dismissed. Vicki Carlton timely appeals.

Tennessee Code Annotated section 16-15-710(1994) provides:

The suing out of a warrant is the commencement of a civil action, within the meaning of this title, whether it is served or not; but if the process is returned unserved, plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of the statute of limitations, must either prosecute and continue the action by obtaining new process from time to time, each new process to be obtained within nine (9) months from return unserved of the previous one (1), or plaintiff must recommence the action within one (1) year after the return of the initial process not served.

This personal injury action is subject to the one year statute of limitations provided by Tennessee Code Annotated section 28-3-104. Applying Tennessee Code Annotated section 16-15-710 to the events in this case, the statute of limitations has expired, and summary judgment was correctly granted.

The accident occurred on March 23, 1999. The original civil warrant was issued on March 13, 2000 with the return of "not to be found in my county" effected on March 21, 2000. The alias process was issued on May 12, 2000 with the "not to be found" return as to Davis occurring on May 23, 2000. Plaintiff had nine months after May 23, 2000 to reissue process under section 16-15-710 of the Code. The "pluries" summons was not issued, however, until March 28, 2001, more than ten months after the "not to be found" return of the alias summons on May 23, 2000.[1]

---

[1] The Tennessee Rules of Civil Procedure do not apply to general sessions court. Tenn. R. Civ. P. 1. On appeal from general sessions to circuit, the rules became applicable to the case once it was docketed in circuit, but not

(continued...)

Appellant recognizes that, on the surface, Tennessee Code Annotated section 16-15-710 is fatal to her case. She seeks to avoid the statute of limitations on two grounds: (1) that the failure of Davis to comply with section 56-7-1201(g) created a rebuttable presumption that she was uninsured at the time of the accident and that such failure to comply tolled the statute of limitations; and (2) that Davis is equitably estopped from relying on the statute of limitations.

Tennessee Code Annotated section 56-7-1201(g)(2000) provides:

> (g) Failure of the motorist from whom the insured is legally entitled to recover damages to file the appropriate forms required by the department of safety pursuant to the Financial Responsibility Law, compiled in title 55, chapter 12, within ninety (90) days of the accident date shall create a rebuttable presumption that such motorist was uninsured at the time of such accident. After the ninety (90) days and upon paying a fee as set by the department, the commissioner shall issue a certified affidavit indicating whether such forms have been filed.

This section is a codification of Chapter 654 of the Public Acts of 1984 and was obviously enacted to remedy the problem posed by *Jones v. Prestige Cas. Co.*, 646 S.W.2d 918 (Tenn. Ct. App. 1982) *perm. to appeal denied* (Sept. 7, 1982). That case was an action by a named insured against its uninsured motorist carrier in which the alleged uninsured motorist was never served with process. Plaintiff could offer no proof as to whether or not Mrs. Baker was uninsured at the time of the accident. The trial court posed the question, "How does the court know actually Mrs. Baker is not insured?" In reversing judgment for the plaintiff, this Court held:

> We have been cited to no reported cases in this jurisdiction, nor have we found any, dealing with the quantum of proof necessary in these cases. However, the unreported case by this court of *Jackson v. Jones and Transworld Assurance Company*, filed February 16, 1979, certiorari denied May 7, 1979, speaks directly to the issue before us. The court said:
>> "In *McCall v. Maryland Cas. Co.*, 517 [516] S.W.2d 353 (Tenn.1974), it was held that the plaintiff, who had not been able to effect service of process on the allegedly uninsured motorist, could not bring the action directly against the insurer. In that case, in a concurring opinion, it was noted:
>>> "'Our statute provides coverage in the case of the "hit-and-run" driver, but denies it in the case of the "hit-and-hide" driver.

[1](...continued)

otherwise. *See Vinson v. Mills*, 530 S.W.2d 761(Tenn. 1975). It is an interesting academic exercise to consider, if such rules were applicable to general sessions, whether or not Rule 3 could be stretched to mean that the alias process issued May 12, 2000 was "the previous process" within the meaning of the rule and, thus, save the case from the statute of limitations. As the Tennessee Rules of Civil Procedure did not apply to this case until after it was docketed in circuit court, there is no conflict between Rule 3 and Code § 16-15-710; the statute prevails. *Mid-South Pavers v. Arnco Constr., Inc.*, 771 S.W.2d 420, 422-23 (Tenn. Ct. App. 1989).

"'This deficiency in our uninsured motorist statutes addresses itself to the General Assembly. It is to be hoped that it will see fit to end this patent injustice.'

In the very next legislature T.C.A. 56-1153 was amended to read:

"'In the event that service of process against the uninsured motorist, which was issued to his last known address is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect . . . shall be sufficient for the court to require the said insurer to proceed as if it is the only defendant in such a case.'

"We think there is no question but that the above amendment was enacted in an effort to afford relief in situations such as arose in the *McCall* case. The amendment clearly permits an insured to proceed against his insurer once return of process issued to the alleged uninsured motorist is returned 'not to be found in my county.' We find the amendment to be unambiguous and it does not relieve the insured of the burden of proving that the motorist involved in the collision was uninsured nor does the statute, as amended, create a presumption in favor of the insured that the other motorist was uninsured."

*Prestige Cas. Co.*, 646 S.W.2d at 919-20.

The obvious legislative intent in the enactment of Chapter 654 of the Public Acts of 1984 was to overturn the *Jones*' decision and, as to the potential liability per uninsured motorist coverage, to shift the burden to the uninsured motorist carrier where the offending driver could not be served with process. The difficulty for Plaintiff in this case is that the entire body of statutory law is applicable only when the offending motorist is in fact uninsured. *See* Tenn. Code Ann. §§ 56-7-1201 to 1206. In this case, Davis was, in fact, fully insured at the time of the accident under a policy issued by Direct Insurance Company.

This Court, in holding the "John Doe" procedures of Tennessee Code Annotated section 56-7-1206(b) and (e) insufficient to toll the statute of limitations as to a motorist who was in fact insured, said:

Section (e) allowing plaintiffs to proceed "as if the motorist was served process in the first instance" has been interpreted liberally, allowing plaintiffs to by-pass the Tenn. R. Civ. P. 3 requirement that new process be issued every six months or that the action be re-filed yearly. *Little v. State Farm Mut. Ins. Co.*, 784 S.W.2d 928 (Tenn. Ct. App. 1989); *Lady v. Kregger*, 747 S.W.2d 342 (Tenn. Ct. App. 1987). However, this Court has declined to extend this interpretation to fact situations where the defendant is not, in fact, uninsured. In *Carr v. Borchers*, this Court held that to

extend this interpretation to a case where the defendant was in fact insured would "require redefining 'uninsured motorists' as used in [Tenn. Code Ann.] § 56-7-1206 to include any motorist whose whereabouts is unknown." *Carr v. Borchers*, 815 S.W.2d 528, 531 (Tenn. Ct. App. 1991). Extending the Uninsured Motor Vehicle Coverage statute to include situations in which the defendant motorist is in fact insured goes well beyond the plain meaning of the statute or the purposes as described above. As stated in *Carr*, the prerogative of expanding the statute to include situations where a motorist is subsequently found to be insured belongs to the legislature. *Id. Carr* was decided in 1991. Since that time, the legislature has not deemed it necessary to amend the statute.

*Estate of Kirk v. Lowe*, 70 S.W.3d 77, 81-2 (Tenn. Ct. App. 2001).

The critical dates relative to the statute of limitations under Code section 16-15-710 are alternative dates. Under the provisions of the statute relative to the issuance of new process necessary to toll the statute of limitations, such process must be obtained within nine months of the return, unserved, of the previous process. The alias process was issued on May 12, 2000 and returned "not to be found" on May 23, 2000. Under this alternative, February 23, 2001 was the last date for reissuing new process. The second alternative under the statute was recommencement of the action which, in order to toll the statute of limitations, must occur within one year after the return of the initial process not served. That date was March 21, 2000, when the initial warrant was returned "not to be found in my county" as to Davis. The last day for re-filing of the complaint was March 21, 2001, which fell on a Wednesday. The pluries summons did not issue until March 28, 2001.

The trials and tribulations of counsel for Plaintiff in trying to effect service of process on Davis had to be frustrating. He started out assuming that Davis was insured, and with good reason. When the initial process was returned "not to be found in my county" on March 21, 2000, he made direct contact by certified mail with Direct Insurance Company demanding that, pursuant to Tennessee Code Annotated section 56-7-1104, the company reveal the location and whereabouts of its insured, Sharon L. Davis, pointing out the company's potential liability under section 56-7-1105 in the event the company failed to comply with the demand.[2] Direct Insurance Company never responded to this demand, which was made by letter dated May 8, 2000.

On May 2, 2000, Plaintiff's counsel attempted contact by mail with Davis at 649 Carmel Avenue, Madison, Tennessee, but the letter was returned "undelivered." On May 3, 2000, Plaintiff's counsel requested of the Department of Safety, by letter, a copy of the driving record of Ms. Davis and a copy of the accident report. It was at this point that the alias summons issued on May 12, 2000, and, for the first time State Farm Mutual Automobile Insurance Company, uninsured motorist carrier for Plaintiff, was joined as a party to the suit. Under date of May 19, 2000, the Department

---

[2] The record does not indicate that Plaintiff ever sought damages from Direct Insurance Company pursuant to Code section 56-7-1105.

of Safety advised that no owner/operator report had been filed on behalf of Sharon L. Davis pursuant to Tennessee Code Annotated section 56-7-1201(g).

While both the original process issued March 13, 2000 and the alias process issued May 12, 2000 were returned "unserved" as to Davis, there is no evidence in the record that she was evading service of process and, indeed, no allegation that she was doing so. On March 22, 2001, counsel representing the uninsured motorist carrier advised counsel for Plaintiff by letter:

> Per our phone conversation of today's date, you advise that you had made a demand on Direct Insurance Company for the address of Sharon Davis but never received a response.
>
> I am advising that she is represented by Direct Insurance Company, under Claim Number 299-380; the contact person is Chris McEntee at 1-800-456-1586, ext. 2121; her policy number is TNPD100200-136.

In her affidavit in support of her Motion for Summary Judgment, Davis asserted:

> 3.      On March 23, 1999, the date of the car accident with Vicki Carlton, I was living at 649 Carmel Avenue in Madison, Tennessee. I moved to 2214 Eastland Avenue in Nashville, Tennessee, in October 1999.
> 4.      At the time of the accident, my car was insured under a policy issued by Direct Insurance. The policy number was TNPD-100200136. The policy was issued on September 1, 1998, and effective until September 1, 1999.

Unless this record shows a basis for equitable estoppel, the statute of limitations has run and summary judgment was properly granted.

The first question that arises under the equitable estoppel assertion by Plaintiff is why Davis did not raise the statute of limitations' defense in general sessions court rather than suffering default judgment to be entered against her and then filing a timely appeal. Davis is not compelled to raise such a defense in general sessions court and has an absolute right to appeal under Code section 16-15-729 and have a trial on the merits *de novo* in the circuit court. Cases appealed from the general sessions court to the circuit court under section 16-15-729 should be treated, for all purposes, as if they had originated in the circuit court. *Ware v. MeHarry Med. Coll.*, 898 S.W.2d 181, 186 (Tenn. 1995); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000).

As to equitable estoppel, this Court has held:

> The elements of equitable estoppel as related to the party estopped are (1) conduct which amounts to a false representation or concealment of material facts, or conduct which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently asserts; (2) the intention or expectation that such conduct will be acted upon the other party; and (3)

actual or constructive knowledge of the real facts. The elements as related to the party claiming the estoppel are (1) a lack of knowledge and an inability to learn the truth as to the facts in question; (2) reliance on the conduct of the estopped party; and (3) action based thereon which changes his position prejudicially. *Consumer Credit Union v. Hite*, 801 S.W.2d 822, 825 (Tenn.App.,1990) (quoting *Callahan v. Town of Middleton*, 41 Tenn. App. 21, 36, 292 S.W.2d 501, 508 (1954)).

*Aussenberg v. Kramer*, 944 S.W.2d 367, 371 (Tenn. Ct. App. 1996). Equitable estoppel is not favored in Tennessee and the burden rests upon the party seeking to invoke the doctrine to prove each and every element. *Bokor v. Holder*, 722 S.W.2d 676 (Tenn. Ct. App. 1986); *Robinson v. Tenn. Farmers Mut. Ins. Co.*, 857 S.W.2d 559 (Tenn. Ct. App. 1993). Estoppel is available to protect a right, not to create one. *Franklin v. St. Paul Fire & Marine Ins. Co.*, 534 S.W.2d 661 (Tenn. Ct. App. 1975). "For estoppel to arise, the act must have been done with the knowledge that it would be relied upon and the other party has acted in reliance without either knowledge of the true state of affairs or the means of learning the true state of affairs." *City of Lebanon v. Baird*, 756 S.W.2d 236, 244 (Tenn. 1988).

Plaintiff asserts, as a basis for estoppel, Code section 55-12-104 providing:

(a) The operator of a motor vehicle which is in any manner involved in an accident within this state in which any person is killed or injured, or in which damage to the property of any one (1) person, including the operator, in excess of four hundred dollars ($400) is sustained, shall report the matter in writing to the commissioner within twenty (20) days after the occurrence of such accident. If such operator fails or is physically incapable of making such report, the owner of the motor vehicle involved in such accident shall, upon learning of the accident, report the matter in writing to the commissioner. The operator or the owner shall make such other and additional reports relating to such accident as the commissioner shall require.

Tenn. Code Ann. § 55-12-104(a)(1998). This statute is a part of the Tennessee Financial Responsibility laws, and failure to comply therewith has been held insufficient to invoke estoppel. *Royal Indem. Co. v. Clingan*, 364 F.2d 154 (6th Cir. 1966).

The primary assertion of Plaintiff is that failure of Davis to comply with section 56-7-1201(g) by failing to file the report required caused Plaintiff to rely on the presumption, created thereby, that Davis was uninsured. Such reliance is unjustified as Plaintiff knew as early as May 8, 2000, when her attorney made direct contact by mail with Direct Insurance Company, that Davis was in fact insured. Plaintiff had the means of pursuing Direct Insurance Company under Code section 56-7-1105 when the insurance company failed to reply to her demand of May 8, 2000, yet declined to do so. No proof is offered that Davis deliberately evaded process or that some conspiracy existed between Davis and Direct Insurance Company to shield her from the processes of court. All Plaintiff had to do to protect herself was to reissue process pursuant to section 16-15-710 of the Code.

The "financial responsibility law" in Tennessee is in derogation of the common law and must be strictly construed. *Turner v. Harris*, 281 S.W.2d 661, 663 (Tenn. 1955). The admonition by Judge Neal in *Turner* forty-eight years ago is equally applicable today.

> Now we are asked to provide an additional remedy not found in the statute. Considering the plight in which the complainant finds herself, it is not unreasonable that the power of the Chancery Court is invoked in this regard.
>
> The maxim, to which we have referred, is as old as the High Court of Chancery. It was the King's prerogative that if the law provided no remedy under a given state of facts, it was "disgraceful to his kingdom," if he did not intervene, as the source of all lawful authority, to prevent a wrong to one of his subjects. But equity does not right every wrong; and Judges and Chancellors cannot be expected to find a remedy for every wrong that is perpetrated in this complex mechanical age, even though a high purpose may, and often does, impel them to do so.
>
> . . . .
>
> . . . While it is often mentioned as a truism "*that equity delights to do complete justice and not by halves*," the jurisdiction of the court is not so latitudinous that it is authorized to supply deficiencies in a statute by providing additional remedies for its more effectual enforcement.

*Id.* at 665.

The decision in this case is a difficult one where it appears factually that Defendant was completely at fault in the accident of March 23, 1999. If Tennessee Code Annotated section 56-7-1201(g) is to be effective to toll the statute of limitations as to a defendant motorist who at no relevant time was uninsured, the legislature must speak and plainly say so.

The action of the trial court is in all respects affirmed with the costs assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE

-8-