**Alec J. TEMLOCK**

**v.**

**Robert M. McGINNIS, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

May 23, 2006 Session.

July 20, 2006.

Permission to Appeal Denied by Supreme Court Dec. 18, 2006.

Lawrence P. Leibowitz and Rebecca G. Bond, Knoxville, Tennessee for the Appellant, Alec J. Temlock.

James S. MacDonald, Knoxville, Tennessee for the Appellee, Robert M. McGinnis.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Alec J. Temlock ("Plaintiff") sued Robert M. McGinnis ("McGinnis") and Pub Ventures of S.C., Inc., d/b/a Barley's Taproom & Pizzeria ("Barley's") for injuries Plaintiff received when he was hit by a vehicle driven by McGinnis. McGinnis filed a motion to dismiss arguing, in part, insufficiency of service of process and insufficiency of process. The Trial Court granted McGinnis' motion to dismiss. Plaintiff appeals. We affirm.

### Background

On December 15, 2000, at approximately 1:15 a.m., Plaintiff was walking across private property when a vehicle driven by McGinnis left the roadway, crossed over the sidewalk on to the private property, and struck and injured Plaintiff. From the record before us, McGinnis earlier had consumed alcoholic beverages at Barley's prior to operating the vehicle and, when tested by police at the accident scene, registered a Breathalyzer blood alcohol level of .20. McGinnis was arrested at the scene and charged with driving under the influence and vehicular assault. McGinnis later pled guilty to vehicular assault, and his plea was accepted by the Criminal Court for Knox County.

Plaintiff filed his lawsuit against McGinnis and Barley's in December of 2001, and had summons issued. Plaintiff attempted to serve McGinnis, but the summons was returned in December of 2001, "NOT TO BE FOUND DEF NO LONGER LIVES HERE." Plaintiff also served Continental Insurance Company ("Continental"), his uninsured/underinsured motorist carrier, pursuant to Tenn.Code Ann. § 56–7–1206.

In March of 2004, Plaintiff served notice of, and took, McGinnis' deposition. In September of 2004, Plaintiff obtained an affidavit from McGinnis regarding the facts involved in this litigation. Plaintiff, however, never again attempted to serve McGinnis with the summons and complaint.

On December 3, 2004, Continental had issued what was styled a Pluries Summons [1] to McGinnis on Plaintiff's complaint that stated, in pertinent part:

> You are hereby summoned and required to serve upon Darryl G. Lowe, attorney for Uninsured/Underinsured Motorist Carrier Continental Casualty, whose address is … and Lawrence P. Leibowitz, attorney for Plaintiff, whose address is …, an Answer to the Complaint filed against you on or about December 5, 2001 on behalf of Alec J. Temlock and herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service.

Continental also filed the affidavit of Chris D. Tucker, one of its attorneys of record, that stated, in pertinent part, that Mr. Tucker contacted a private process server on December 3, 2004, to serve McGinnis and provided the process server with McGinnis' last known address obtained

---

1. Black's Law Dictionary defines pluries as: "A third or subsequent writ issued when the previous writs have been ineffective; a writ issued after an alias writ." Black's Law Dictionary 1176 (7th ed.1999). An alias summons is defined as: "A second summons issued after the original summons has failed for some reason." Black's Law Dictionary 1450 (7th ed.1999). As best we can tell from the record before us, no alias summons ever was issued in this case. Whether the summons at issue was actually a pluries summons or an alias summons has no bearing on our decision in this case and we will refer to the summons at issue as it was styled.

from McGinnis' March 2004 deposition taken by Plaintiff.

Continental filed a motion for summary judgment supported, in part, by the affidavit of Jensi Dykes, Claims Specialist for State Farm Fire and Casualty Company ("State Farm"). In pertinent part, Ms. Dykes' affidavit asserts that State Farm is the liability insurance carrier for McGinnis; that Ms. Dykes was informed as early as January 2001, by Plaintiff's attorney that McGinnis was involved in the accident of December 15, 2000; that Ms. Dykes informed Plaintiff's attorney that McGinnis had coverage for this accident; and that Plaintiff's attorney never inquired as to the whereabouts, location or current address of McGinnis.

McGinnis on February 1, 2005, filed his motion to dismiss the complaint for failure to renew process, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and expiration of the one year statute of limitations. McGinnis also filed a motion that same day to take the deposition of Plaintiff's attorney to explore the issue of due diligence regarding service upon McGinnis.

The Trial Court heard argument on McGinnis' motion to dismiss and other pending motions and entered an order, *inter alia*, granting McGinnis' motion to dismiss based on Tenn. R. Civ. P. 4.01 and the one year statute of limitations, Tenn. Code Ann. § 28-3-104. Pursuant to Tenn. R. Civ. P. 54.02, the Trial Court directed that this judgment be a final judgment. Plaintiff appeals to this Court the dismissal of his claims against McGinnis.

### Discussion

While Plaintiff raises three issues on appeal, the dispositive issue is whether the Trial Court erred in dismissing McGinnis from the lawsuit when McGinnis was served with a pluries summons obtained and caused to be issued not by Plaintiff but instead by Continental upon Plaintiff's complaint.

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714 (Tenn.1997). In *Stein*, our Supreme Court explained:

A Rule 12.02(6), Tenn.R.Civ.P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R.App.P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra.*

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).

The Trial Court held that McGinnis was entitled to be dismissed from the case based, in part, upon Tenn. R. Civ. P. 4.01. Tenn. R. Civ. P. 4.03 also is relevant to our review. In pertinent part, Tenn. R. Civ. P. 4 provides:

**4.01. Summons; Issuance; By Whom Served.**—(1) Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service. A summons may be issued for service in any county against any defendant, and separate or additional summonses may be issued against any defendant upon request of plaintiff. . . .

\* \* \*

**4.03. Summons; Return.**—(1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance. . . .

Tenn. R. Civ. P. 4.

Plaintiff argues on appeal that "[t]he law is clear that when a plaintiff complies with section 56–7–1206(d), section 56–7–1206(e) may be invoked to supercede Rule 3." Plaintiff then argues that he complied with 56–7–1206(d), and, therefore, the pluries process served upon McGinnis should be held valid and timely. In pertinent part, Tenn.Code Ann. § 56–7–1206 provides:

(d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

(e) In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process, and then the case may proceed against the uninsured motorist as if the motorist was served with process in the first instance.

Tenn.Code Ann. § 56–7–1206 (2000).

In pertinent part, Tenn. R. Civ. P. 3 provides:

COMMENCEMENT OF ACTION

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous pro-

cess or, if no process is issued, within one year of the filing of the complaint. Tenn. R. Civ. P. 3.

Importantly, the pluries process in this case was neither obtained nor requested by Plaintiff as Plaintiff neither requested it be issued nor had it served. The pluries process instead was obtained and issued at the request of Continental and service upon McGinnis was obtained by Continental. The parties have cited no precedent, nor has this Court found any precedent, that a party other than the plaintiff may obtain issuance of a summons upon the plaintiff's complaint. This being so, we will focus on the language of Rule 4, Tenn. R. Civ. P.

■ While Rule 4, Tenn. R. Civ. P. is not a statute, "[t]he rules governing practice and procedure in the trial and appellate courts of Tennessee were promulgated by the General Assembly and the Supreme Court ... [and] have the force and effect of law." *Frye v. Blue Ridge Neuroscience Ctr., P.C.,* 70 S.W.3d 710, 713 (Tenn.2002) (quoting *Crosslin v. Alsup,* 594 S.W.2d 379, 380 (Tenn.1980)). Given this, we will apply the same rules of construction as we use to interpret a statute.

■ As our Supreme Court instructed in *Conley v. State:*

> [W]e begin our analysis by reviewing familiar principles of statutory construction. Our "primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" *Stewart v. State,* 33 S.W.3d 785, 791 (Tenn.2000) (quoting *Gleaves v. Checker Cab Transit Corp.,* 15 S.W.3d 799, 802 (Tenn.2000)). When the statutory language is unambiguous, we apply its plain and ordinary meaning. *Planned Parenthood of Middle Tenn. v. Sundquist,* 38 S.W.3d 1, 24 (Tenn.2000). When the statutory language is ambiguous, we must look to other sources, such as legislative history, to determine the intent and purpose of the legislature. *Id.*

*Conley v. State,* 141 S.W.3d 591, 595 (Tenn. 2004).

Rule 4.01, Tenn. R. Civ. P. clearly and unambiguously provides that "additional summonses may be issued against any defendant *upon request of plaintiff.*" Tenn. R. Civ. P. 4.01 (emphasis added). Plaintiff argues that the "upon request of plaintiff" language contained in Tenn. R. Civ. P 4.01 was not intended to limit which party to a lawsuit may request issuance of a summons, but rather, as noted in the 2004 version of Rule 4.01 in the Advisory Commission Comments, is intended to "eliminate the practice, existing in some counties under prior law, which required an order by the judge before the clerk could issue additional ... summons." We note that this comment, while found in the 2004 version of the Rules, is not found in the 2005 or 2006 version. More importantly, the plain language of Rule 4.01 states "upon request of plaintiff," not "upon request of any party." If any party to a suit could request and obtain issuance of a summons upon a plaintiff's complaint, then the Rule could just as easily have said "upon request of any party," but it does not. Further, Tenn. R. Civ. P. 4.03 clearly and unambiguously provides that "[t]he plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved...." Tenn. R. Civ. P. 4.03. The plain language of Rule 4.03 states that it is the plaintiff who may obtain new summonses, not "any party." Again, the rule could just as easily have said "any party," but it does not. Rule 4.01 and 4.03 are clear and unambiguous, and we will apply their plain and ordinary meaning. As such, under Tenn. R. Civ. P. 4, additional

summonses on a plaintiff's complaint may be obtained and issued only upon request of the plaintiff.

Plaintiff also argues that "Tennessee courts have held the uninsured motorist statute controls conflicting Tennessee Rules of Civil Procedure" and cites to *Witter v. Nesbit* and *Lady v. Kregger* in support of this position. *Witter v. Nesbit,* 878 S.W.2d 116 (Tenn.Ct.App.1993); *Lady v. Kregger,* 747 S.W.2d 342 (Tenn.Ct.App. 1987). In both *Witter* and *Lady,* this Court did discuss situations wherein a statute superceded a conflicting rule of civil procedure. However, we find no conflict between Tenn.Code Ann. § 56–7–1206(e) and Tenn. R. Civ. P. 4 in regard to the issue at hand of whether the process served upon McGinnis was insufficient. Plaintiff argues that the language of Tenn. Code Ann. § 56–7–1206(e) "leaves open the ability of an uninsured motorist carrier to serve the additional summons on the uninsured/underinsured motorist" as it does not specify which party may request issuance of alias or pluries process. This language does not conflict with Tenn. R. Civ. P. 4, which does specify the plaintiff as the proper party. This statute and rule of civil procedure are not in conflict, but rather work in concert. Plaintiff's argument is without merit.

In the case at hand, the pluries summons was neither obtained by Plaintiff nor issued upon Plaintiff's request, but rather, was obtained by and issued upon the request of Continental. Service of this pluries summons upon McGinnis did not constitute proper service under Tenn. R. Civ. P. Rule 4 as there was insufficiency of process and, therefore, McGinnis never was properly served. The Trial Court correctly granted McGinnis' motion to dismiss based upon insufficiency of process and insufficiency of service of process. Having affirmed the Trial Court's dismissal on

these grounds, we need not and do not express any opinion as to whether or not the one year statute of limitations had in fact run as any such determination would be premature as McGinnis has yet to be served with sufficient process.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Alec J. Temlock, and his surety.