IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010

## CARL SUTHERLAND v. CHERRY LINDAMOOD ET AL.

**Appeal from the Circuit Court for Wayne County**
No. 02-4390      Stella L. Hargrove, Judge

No. M2009-02214-COA-R3-CV - Filed December 17, 2010

An inmate filed suit, claiming that he was discriminated against in job assignments and that his First Amendment rights were violated in that he was retaliated against for making complaints. The trial court granted the defendants' motion to dismiss. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Carl Sutherland, Mountain City, Tennessee, Pro Se.

James Irvin Pentecost and Jon A. York, Jackson, Tennessee, for the appellees, Cherry Lindamood, Gene Maples, Teresa Cogswell, Leigh Kilzer, and Heather Reeves.

## OPINION

Tennessee inmate Carl Sutherland filed suit claiming that he was denied his job request in retaliation for his use of the prison grievance procedure. His claim was dismissed for failure to state a claim under Tenn. R. Civ. P. 12.

Motions based on Rule 12.02(6) test only the legal sufficiency of the complaint and not the strength of the plaintiff's evidence. *Riggs v. Burson,* 941 S.W.2d 44, 47 (Tenn. 1997). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. *Wolcotts Fin. Servs., Inc. v. McReynolds,* 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint considered alone and taken as true are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan,* 528 S.W.2d 188, 190 (Tenn. 1975).

Accordingly, when considering a Rule 12.02(6) motion, "'courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.'" *Temlock v. McGinnis,* 211 S.W.3d 238, 240 (Tenn. Ct. App. 2006) (quoting *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997)). Because the factual allegations of the complaint are taken as true, the issues raised on a motion to dismiss are questions of law and not fact. *Stein,* 945 S.W.2d at 716. We review questions of law de novo upon the record with no accompanying presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

The complaint's factual allegations, which we must take as true for purposes of the motion to dismiss, are as follows. On January 31, 2008, inmate Carl Sutherland filled out a job register form for a commercial cleaning position. In early February, he was approved as qualified for the position and placed on the register placement report. In mid-March, Sutherland noticed that inmates who requested jobs after he did were getting jobs when he had not. He sent a request form and letter to job coordinator Heather Reeves and clerk Teresa Cogswell inquiring about being skipped over for employment. After receiving no reply, Sutherland got a pass and visited their offices. Reeves told him that there was a job opening in the visitation gallery, but he would not get that job because he had been guilty of a disciplinary infraction the year before and she did not want "your kind" working in the gallery. Reeves asked if he wanted to work in the kitchen. Sutherland explained about the commercial cleaning job, and Reeves replied that the kitchen job was the only place she would put "your kind."

In mid-April, Sutherland again wrote Reeves and Cogswell about being skipped over for a commercial cleaning position. He also sent a letter to Warden Lindamood stating that he was being discriminated against in job assignments. Apparently, neither communication was answered. In early May, Sutherland spoke with Cogswell, who told him that "she'll give whomever she pleases a job qualified or not, and if [Sutherland] came back to her office or send [sic] any more letters she'll put his Black Ass in a kitchen job or school." About the same time, Sutherland mailed a letter to Warden Lindamood stating that Reeves and Cogswell might retaliate against him. On June 20, he sent the warden another letter stating the same thing. That same day, he sent a letter to Reeves and Cogswell with a copy of the department policies he felt they were violating. Three days later he was placed in school.

On June 23, Sutherland filed a grievance against Reeves and Cogswell for discrimination and retaliation in job placement. His grievance was returned unprocessed two days later with a note attached that stated "Education takes priority over job placement." Sutherland appealed and the grievance was processed June 27. The reply to his grievance said he did not have a G.E.D. and, therefore, was placed in an education class. On July 23,

-2-

Sutherland filed a grievance against the grievance chairperson, Leigh Kilzer, for not conducting a grievance hearing. That grievance was denied August 11. A letter to Commissioner Hodges also did not result in a response satisfactory to Sutherland. Sutherland filed a suit under 42 U.S.C. § 1983, claiming a violation of his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution, in that he was discriminated against in job assignments, and a violation of his First Amendment rights, in that he was retaliated against for making complaints.

The only basis for Sutherland's discrimination claims is the alleged one-time use of the term "black ass." The mere use of abusive language by prison officials, while unprofessional and distasteful, cannot support liability under § 1983. *Davis v. Little*, No. 09-2045-STA/cgc, 2009 WL 2849641, at *4 (W.D. Tenn. September 1, 2009) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats to reclassify a prisoner are non-cognizable under § 1983)).[1] The trial court properly dismissed the discrimination claim.

Sutherland also claims that the defendants punished him by not giving him a job in retaliation for "making complaints," apparently by filing grievances and sending letters to prison officials.

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The first requirement is not met in this case. A prisoner has no constitutionally protected right to file prison grievances. *Mosby v. Colson*, No. W2006-00490-COA-R3-CV, 2006 WL 2354763, at *9 (Tenn. Ct. App. Aug. 14, 2006).

The second requirement is also problematic for Sutherland to meet. Does the failure to get the job of one's choice rise to the level of an adverse action, and if so, would it deter a person of ordinary firmness from continuing to file grievances? Sutherland has no constitutional right to the prison job of his choice or any job at all. *See Newsom v. Norris*,

---

[1]Of course, abusive language may be evidence of discrimination.

888 F.2d 371, 374 (6th Cir. 1989). The assignment of employment to an inmate is a matter of discretion. *Miller v. Campbell*, 108 F. Supp. 2d 960, 967 (W.D. Tenn. 2000). We conclude that the failure to get the prison employment of one's choice is not an action that would deter a person of ordinary firmness from continuing to file grievances. Indeed, Sutherland himself continued to file grievances after he did not get the commercial cleaning position.

Sutherland's complaint does not meet the requirements for a retaliation claim.

The trial court is affirmed. Costs of appeal are assessed against the appellant, Carl Sutherland, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE