IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2007 Session

# DORIS JONES AND BILLY J. JONES
v.
## SUSANNAH P. JOHNSON

**An Appeal from the Circuit Court for Madison County**
**No. C-04-358     Roger A. Page, Judge**

---

**No. W2006-01859-COA-R3-CV - Filed July 16, 2007**

---

This is a personal injury case involving the Tennessee suspension statute. On August 27, 2003, the defendant rear-ended the plaintiff's vehicle. On August 23, 2004, the plaintiffs filed a lawsuit against the defendant for damages arising out of the accident. On the same date, a summons was issued to the defendant at her last known address in Tennessee. A few days later, the summons was returned with a notation indicating that the defendant had moved to Georgia. The plaintiffs failed to renew process within one year of the original date of service. Finally, in March 2006, an alias summons was issued and served on the defendant in Georgia. The defendant filed a motion for summary judgment based on the one-year statute of limitations. The trial court granted the defendant's motion. The plaintiffs now appeal, arguing that the statute of limitations was tolled pursuant to the suspension statute, T.C.A. § 28-1-111, because the defendant lived in another state when suit was filed. We affirm, concluding that the suspension statute is inapplicable in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Donald A. Donati and William B. Ryan, Memphis, Tennessee, for the appellants, Doris Jones and Billy J. Jones.

Deana C. Seymour and Todd D. Siroky, Jackson, Tennessee, for the appellee, Susannah P. Johnson.

Wesley A. Clayton and William B. Palmertree, Jackson, Tennessee, for the unnamed defendant/appellee, Tennessee Farmers Mutual Insurance Company.

**OPINION**

On August 27, 2003, the vehicle driven by Defendant/Appellee Susannah Johnson ("Johnson") rear-ended the vehicle driven by Plaintiff/Appellant Doris Jones ("Jones"), causing Jones personal injury and damages. At the time of the accident, Johnson was a resident of Jackson, Madison County, Tennessee. In May 2004, Johnson moved to the area of Atlanta, Georgia, and has lived there since that time.

On August 23, 2004, Jones and her husband, Billy Jones (collectively, "Plaintiffs"), filed a lawsuit in the Circuit Court for Madison County against Johnson for damages arising out of the accident. On the same date, a summons was issued to Johnson and also to the Plaintiffs' uninsured motorist insurance carrier, Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). *See* T.C.A. § 56-7-1206 (2000). Tennessee Farmers was timely served with process and filed an answer to the complaint. It soon thereafter filed a motion for summary judgment.

The original summons was issued to Johnson at her Jackson, Tennessee address. It was returned unserved on August 26, 2004, with a notation, "Not Found, Moved Out Approximately Three Months Ago To Powder Springs, GA." The original process remained unserved for ninety (90) days after the issuance, and the Plaintiffs did not renew process within one year of the original date of issuance pursuant to Rule 3 of the Tennessee Rules of Civil Procedure.[1]

Over a year later, on December 6, 2005, an alias summons was issued to Johnson, again at her Jackson address. This was also returned unserved with a notation, "Not Found, Moved Over One Year Ago, Possibly To GA."

On March 2, 2006, a third summons was issued to Johnson. This one was issued at Johnson's Georgia address, and she was served on March 8, 2006.

On April 12, 2006, Johnson filed an answer and a motion to dismiss and/or for summary judgment based on, among other things, the one-year statute of limitations for personal injury actions. Discovery ensued.

---

[1]Rule 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days, or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.

On June 15, 2006, the Plaintiffs took Johnson's deposition. In her deposition, Johnson testified that she moved to Georgia in May 2004 when she graduated from Jackson State Community College. She moved in with a friend for about a week and then moved to a home in Powder Springs, Georgia. After living in Powder Springs for approximately a year, Johnson moved to Marietta, Georgia, where she lived at the time of her deposition. Johnson said that, when she moved from Jackson, Tennessee, she visited the post office; she believed that she had forwarded her mail from Jackson to the Powder Springs, Georgia address. She told her brother and her friends at work in Jackson that she was moving to Georgia. Johnson also said that she reported the accident to her insurance company within a day or two after the accident. About a year and a half before the deposition, Johnson's insurance company informed her that the Plaintiffs were attempting to file a lawsuit against her. Johnson's insurance carrier contacted her in Georgia by obtaining her telephone number from her mother.

On July 11, 2006, the Plaintiffs filed their response to Johnson's motion as well as the motion for summary judgment filed by Tennessee Farmers. The Plaintiffs argued that the lawsuit was not time-barred because the statute of limitations was tolled pursuant to the suspension statute, T.C.A. § 28-1-111 ("suspension statute"). The suspension statute provides:

> If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.

T.C.A. § 28-1-111 (2000). The Plaintiffs contend that they and their attorneys had exercised due diligence in attempting to locate Johnson, and despite their due diligence, her whereabouts were not discovered until February 2006.

On July 12, 2006, the trial court held a hearing on the motions for summary judgment and/or to dismiss filed by Johnson and by Tennessee Farmers. On the same day, the Plaintiffs filed the affidavit of their former attorney, Lisa June Cox, attesting to her diligence in attempting to locate Johnson. The Plaintiffs also filed Johnson's deposition.

On August 8, 2006, the trial court issued an order finding that, after considering the pleadings, Johnson's deposition, Cox's affidavit, and the entire record, Johnson was entitled to summary judgment based on the one-year statute of limitations. The trial court held that the statute of limitations expired on August 27, 2004, one year after the date of the accident, when the Plaintiffs failed to renew process within one year after the date of issuance of the original summons. The trial court found that the suspension statute did not apply to toll the statute of limitations, because the Plaintiffs did not use due diligence in ascertaining Johnson's address. Based on the record, the trial court made the following findings of fact:

5. On August 26, 2004, the [original] summons was returned, unserved, with a notation from the deputy sheriff "Not found, moved out approximately three months ago to Powder Springs, GA"

6. The original process remained unserved for 90 days after issuance, and Plaintiffs failed to renew process within one year of the original date of issuance pursuant to Rule 3 of the Tennessee Rules of Civil Procedure;

7. As a result, the statute of limitations on Plaintiffs' claims expired on August 27, 2004.

8. On December 6, 2005, Plaintiffs issued an alias summons after the statute of limitations expired, which was returned unserved noting again that Defendant Johnson had moved to Georgia.

9. Plaintiffs were on notice that Defendant Johnson had moved to Georgia after the original process was returned unserved on August 26, 2004, with a notation from the deputy sheriff "Not found, moved out approximately three months ago to Powder Springs, GA."

10. Plaintiffs knew that Defendant Johnson was covered by a policy of liability insurance, and counsel for Plaintiffs remained in contact with Defendant Johnson's liability carrier.

11. Defendant Johnson's liability carrier had Defendant's current contact information.

12. Plaintiffs' counsel failed to serve a demand notice on Defendant Johnson's liability carrier pursuant to Tenn. Code Ann. § 56-7-1104 to reveal the location and whereabouts of Defendant Johnson after the original process was returned unserved, noting that Defendant Johnson was not to be found and had moved to Powder Springs, Georgia.

13. If Plaintiffs' counsel had invoked the procedure contained in Tenn. Code Ann. § 56-7-1104, Defendant Johnson's liability carrier would have been required to reveal the current contact information it possessed regarding the location of Defendant Johnson.

14. Plaintiffs failed to invoke the procedure contained in Tenn. Code Ann. § 56-7-1104.

15. The suspension statute . . . is inapplicable to toll the statute of limitations beyond its August 27, 2004, expiration date in the present case because Plaintiffs had knowledge that Defendant Johnson moved to Georgia, did not demand her Georgia address from Defendant Johnson's liability carrier as provided by Tenn. Code Ann. [§] 56-7-1104, and did not serve her through the nonresident motorist statute, Tenn. Code Ann. § 20-2-203.

16. Defendant Tennessee Farmers Mutual Insurance Company had a contractual subrogation right pursuant to a policy of uninsured motorist coverage issued to Plaintiff Doris Jones in effect on or about August 27, 2003.

17. Because Plaintiffs destroyed Defendant [Tennessee Farmer's] subrogation right by allowing the statute of limitations to expire, Plaintiffs forfeit any right of recovery against Defendant [Tennessee Farmers].

From this order, the Plaintiffs now appeal.

On appeal, the Plaintiffs argue that the trial court erred in granting summary judgment to Johnson based on the statute of limitations. The Plaintiffs contend that there is a disputed issue of fact as to whether the suspension statute tolls the one-year statute of limitations under these circumstances.

We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We are obliged to view the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. ***Warren***, 954 S.W.2d at 723 (quoting ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)). Once the moving party demonstrates that no genuine issues of material fact exist, the non-moving party must demonstrate, by affidavits or otherwise, that a disputed issue of material fact exists for trial. ***Byrd v. Hall***, 847 S.W.2d 208, 211 (Tenn. 1993).

The suspension statute, quoted above, tolls the statute of limitations for the period of time in which any person against whom a cause of action has accrued is outside the State of Tennessee. Generally, however, this statute does not apply against an out-of-state defendant in an automobile accident/personal injury lawsuit, because service of process can be effected on the non-resident driver through the Secretary of State using the nonresident motorist statute, T.C.A. § 20-2-203. ***See Carr v. Borchers***, 815 S.W.2d 528, 531 (Tenn. Ct. App. 1991). This is because, in general, the suspension statute is inapplicable to toll a statute of limitations where there is a valid method of service of process on an out-of-state defendant. ***See Arrowood v. McMinn County***, 121 S.W.2d 566, 568-69 (Tenn. 1938).

In ***Lam v. Smith***, 891 S.W.2d 207 (Tenn. 1994), the Supreme Court recognized an exception to the general ***Arrowood*** rule in cases where (1) the plaintiff lacked knowledge that the defendant is an out-of-state resident, and (2) the plaintiff had exercised due diligence in trying to ascertain the location of the defendant, but nevertheless remained unaware of the defendant's nonresident status. The Plaintiff's argue that this exception is applicable in this case, and that the suspension statute therefore applies.

Johnson notes that the original summons was returned a few days after it was issued stating that Johnson was no longer in Madison County, Tennessee, and had moved approximately three months earlier to Powder Springs, Georgia. Thus, Johnson argues that the Plaintiffs knew she was no longer a Tennessee resident in August 2004, and the first prong of the ***Lam*** exception is not met. Moreover, Johnson argues that the Plaintiffs did not exercise due diligence in obtaining her new address after they received the return of the original summons.

The Plaintiffs argue that the record contains sufficient evidence of their diligence, based on Johnson's deposition and Cox's affidavit. The Plaintiffs note that Johnson commented in her deposition that, when she moved to Georgia, she did not leave contact information with anyone other than her brother and her former employer. Furthermore, attorney Cox asserted in her affidavit that she had conferred with an investigator, used the internet, and tried "other sources" in an effort to obtain Johnson's new address. Given all reasonable inferences, the Plaintiffs argue, summary judgment should not have been granted because a genuine issue of material fact remained regarding their due diligence.

In order for the Plaintiffs to escape summary judgment in this case, they must point to evidence in the record sufficient to create a genuine issue of material fact as to whether they knew of Johnson's nonresident status, and whether they used due diligence in attempting to ascertain Johnson's location. *See Lam*, 891 S.W.2d at 212. In this case, it is undisputed that the return of the original summons notified the Plaintiffs that Johnson had moved from Madison County, Tennessee, to Powder Springs, Georgia. Thus, only a few days after filing suit, the Plaintiffs were made aware that Johnson was a non-resident and had been for three months. Clearly, the Plaintiffs have not met the first prong of the *Lam* exception, namely, that they lacked knowledge that Johnson was an out-of-state defendant. Regarding due diligence, it is undisputed that the Plaintiffs made no attempt to have an alias summons served on Johnson within a year after the original summons was returned, despite having been informed that Johnson had moved to Powder Springs, Georgia. In December 2005, the Plaintiffs inexplicably made a second attempt to effect service of process in Tennessee, despite having been informed that Johnson was living in Powder Springs, Georgia. Cox's affidavit is best characterized as vague regarding her efforts to find Johnson. She notes that, when the first summons was returned unserved, her "staff searched for [Johnson] using various internet and other sources on many occasions." There is no affidavit from the unnamed "staff" and the "other sources" are likewise not identified.

Moreover, as the trial court pointed out, the Plaintiffs were in contact with Johnson's liability insurance carrier, and the carrier would have been required to disclose her address to them pursuant to Tennessee Code Annotated § 56-7-1104 had the Plaintiffs merely requested the information.[2]

---

[2]Tennessee Code Annotate § 56-7-1104 provides in pertinent part:

(a) Upon a sheriff's return of "not to be found" within the particular county, or upon the secretary of state being unable to complete process upon the defendant or defendants, the plaintiff may serve demand notice upon the liability insurance carrier to reveal the location and whereabouts of the defendant automobile owner or operator.

\*\*\*

(c) The liability insurance carrier shall upon such notice reveal to the plaintiff or the plaintiff's attorney any information which it possesses as to the location of the defendant automobile operator or owner.

(continued...)

Cox's affidavit mentions no attempts to obtain Johnson's address from this source. Under these circumstances, the undisputed evidence shows that the Plaintiffs did not exercise due diligence in ascertaining Johnson's address, and the exception in **Lam** is not applicable. **See Ballard v. Ardenhani**, 901 S.W.2d 369, 372-74 (Tenn. Ct. App. 1995). Therefore, the suspension statute does not apply in this case, and summary judgment in Johnson's favor based on the statute of limitations was appropriate.

Tennessee Farmers had a contractual subrogation right pursuant to the Plaintiffs' uninsured motorist policy. As noted by the trial court, because the Plaintiffs destroyed Tennessee Farmers' subrogation right by allowing the statute of limitations to expire, the Plaintiffs have forfeited any right of recovery against Tennessee Farmers. **See** T.C.A. § 56-7-1204 (2000); **see also Aetna Cas. & Sur. Co. v. Tenn. Farmers Mut. Ins. Co.**, 867 S.W.2d 321, 322 (Tenn. Ct. App. 1993).

The decision of the trial court is affirmed. Costs on appeal are taxed to Appellants Doris Jones and Billy J. Jones and their surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[2](...continued)
T.C.A. § 56-7-1104 (2000).